■ MACK NORD, Respondent, v. JULIUS RUDERMAN, Appellant.— In an action for specific performance of a stock option and stockholders' agreement, defendant appeals from (1) an order of the Supreme Court, County of Nassau, dated March 6, 1969, which *inter alia* denied his motion to dismiss the complaint, and (2) a judgment of said court dated May 22, 1969 and made after a nonjury trial, which granted plaintiff specific performance. Order affirmed; and judgment reversed, on the law, and new trial granted; and costs on the appeals from both the order and the judgment shall abide the event of the new trial. The questions of fact have not been considered. At the trial it was shown that the 1959 agreement between the parties, renewed and amended in 1960 and 1965, contained an article stating that "upon the exercise of the option and upon payment of the total sum of One Hundred Thousand ($100,000) Dollars, RUDERMAN and NORD will enter into a stockholder's [*sic*] agreement, providing *among other things*: ", and thereafter providing, in detail, terms of the proposed stockholders' agreement (emphasis added). Defendant, in an effort to show that the stockholders' agreement was incomplete, offered to prove by parol evidence the meaning of the phrase "among other things". In our opinion, Special Term, which conceded that the phrase was ambiguous, erred in rejecting that proof. (See Uniform Commercial Code, § 2–202; *Hunt Foods & Inds.* v. *Doliner*, 26 A D 2d 41.) By use of the phrase "among other things", the parties may have meant "among other terms" or they may have intended the phrase to refer to the "whereas" clauses, the dates, the acknowledgments and similar matter commonly found in formal agreements. Brennan, Acting P. J., Hopkins and Kleinfeld, JJ., concur; Rabin and Martuscello, JJ., concur in affirmance of the order, but otherwise dissent and vote to affirm the judgment.